**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**IVELISSE RIVERA,**

       **Plaintiff,**                 **Case No.:**

**v.**

**LUMINA DENTAL MANAGEMENT,
LLC and LUMINA DENTAL OF LUTZ,
PA,**

       **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IVELISSE RIVERA, hereby sues Defendants, LUMINA DENTAL MANAGEMENT, LLC and LUMINA DENTAL OF LUTZ, PA (hereinafter, collectively, "Defendants") and states as follows:

### INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff, as well as Florida's Workers' Compensation Statute, *Fla. Stat.* 440.205 and Florida's Private Whistleblower's Statute, *Fla. Stat*. §448.101-105.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2.     Venue lies within the United States District Court for the Middle District of

Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, LUMINA DENTAL MANAGEMENT, LLC, is a Florida Limited Liability Company authorized and doing business in this Judicial District.

4. Defendant, LUMINA DENTAL OF LUTZ, PA, is a Florida Profit Corporation authorized and doing business in this Judicial District.

5. Defendants are an integrated enterprise/single employer or a joint employer of Plaintiff.

6. Defendants are covered employers under the Fair Labor Standards Act, Florida's Workers' Compensation statute, and Florida's Private Whistleblower Act.

7. Plaintiff, IVELISSE RIVERA, is an adult and a resident of Pasco County, Florida. At all times material, Plaintiff was a resident of Hillsborough County, Florida.

8. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(2), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

9. In or around January 2019, Plaintiff began her employment with Defendants as a Dental Assistant.

10. During Plaintiff's employment with Defendants, Plaintiff worked at Defendants' Lutz, Florida office and Brandon, Florida office. Additionally, on at least one occasion, Plaintiff worked at Defendants' Lakeland, Florida office.

11. Throughout Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours per work week; however, Defendants did not compensate Plaintiff at a rate of time and one-half her regular rate of pay. Specifically, Plaintiff worked through her lunch breaks and worked past her scheduled shifts and was not paid at the overtime rate.

12. Additionally, Plaintiff was not compensated by Defendants for a full day of work that she performed.

13. On or about February 26, 2019, Plaintiff made a complaint to Ashley Stinebaugh (Dental Manager) regarding unpaid overtime. Thereafter, Plaintiff reiterated her unpaid overtime complaint to Louie Zarour (Owner) and Ivonne Zarour (Owner).

14. While Plaintiff was working at Defendants' Lutz, Florida location, the location did not have proper protective gloves for Plaintiff to use in the performance of her job as a Dental Assistant. When Plaintiff first inquired about proper gloves, she was told that they were on back order. As a result, Plaintiff had to wear protective gloves that were too big.

15. On numerous occasions, Plaintiff made complaints to Defendants' management regarding the lack of protective gloves. Specifically, Plaintiff spoke with Office Manager Estrella "Star" (last name unknown), Ravin Sneed (Head Dental Assistant), and Yoslen Martinez (Head Dental Assistant). Plaintiff, Estrella (l/n/u), Sneed, and Martinez also raised

the concerns regarding the lack of protective gloves to Lou Zarour, Ivonne Zarour, and Tania Sumer Zarour (Regional Manager).

16. With regard to getting proper protective gloves, Ivonne Zarour and Lou Zarour told Plaintiff and others that they were "working on it."

17. On or about May 13, 2019, Plaintiff suffered an on-the-job injury while wearing the protective gloves that did not fit. Specifically, Plaintiff's right thumb suffered a puncture wound from a used double-ended dental explorer.

18. Defendants did not provide Plaintiff with an incident report. Instead, Estrella "Star" (last name unknown) sent Plaintiff (along with Tania Sumer Zarour) a picture via text message of a report that she was "working on" for Plaintiff.

19. Plaintiff asked Estrella "Star" (last name unknown) and Ivonne Zarour which medical clinic to treat with for her workplace injury. Neither provided Plaintiff with a response. Dr. Paul Kolodziej suggested that Plaintiff go to a walk-in clinic for treatment. As a result, Plaintiff decided to go to MedExpress.

20. Ivonne Zarour instructed Plaintiff to put the medical treatment under Plaintiff's name and Defendants would pay the medical bill. Ivonne Zarour was adamant that she did not want Plaintiff to file a workers' compensation claim.

21. MedExpress told Plaintiff that it could not do what Ivonne Zarour instructed and stated that the documents must be placed under the employer's name since it was an on-the-job injury.

22. MedExpress provided Plaintiff with workers' compensation documents, which Plaintiff completed. Thereafter, Defendants' workers' compensation carrier, The Hartford, was put on notice of Plaintiff's injury.

23. On May 14, 2019, Estrella "Star" (last name unknown) asked Plaintiff to text Sneed on a group text message to check the status of the supply order again because Dr. Paul Kolodziej threatened to stop working if he did not have proper protective gloves.

24. On or about May 14, 2019, Ivonne Zarour told Plaintiff: "you didn't have to make such a big deal of this."

25. That same day, Plaintiff received a text message from Tania Sumer Zarour, stating that this was the first time in Defendants' history that it had to "deal with" workers' compensation.

26. On or about May 14, 2019, The Hartford informed Plaintiff that it was having trouble getting in touch with Defendants.

27. On or about May 18, 2019, Plaintiff was terminated from her employment with Defendants. When firing Plaintiff, Lou Zarour stated: "you come to work to work, not to use workers' comp." Plaintiff was not provided any other reason for her termination.

28. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME

29. Plaintiff, IVELISSE RIVERA, realleges and incorporates paragraphs one (1) through twenty-eight (28) as though set forth fully herein.

30. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and overtime at a rate of not less than 1 ½ times the regular rate of pay for all hours worked in excess of the maximum hours allowed by law (overtime hours).

31. Plaintiff is not exempt from the right to receive overtime pay under the FLSA. Therefore, Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

32. Throughout her employment with Defendants, Plaintiff worked in excess of the maximum hours allowed by law (overtime hours), for which she was not compensated at the overtime rate.

33. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

34. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of the maximum hours allowed by law (overtime hours), violates the FLSA, 29 U.S.C. §§ 201 *et. seq.,* including 29 U.S.C. § 207.

35. Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

36. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

37. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for:

(a) Overtime compensation, liquidated damages, and prejudgment interest;

(b) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(c) A judicial determination that the FLSA was violated;

(d) An adjudication on the merits of the case; and

(e) Such other relief as the court may deem just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT (RETALIATION)

38. Plaintiff, IVELISSE RIVERA, realleges and incorporates paragraphs one (1) through twenty-eight (28) as though set forth fully herein.

39. Defendants terminated Plaintiff's employment as a direct result of, and in retaliation for, reporting and opposing Defendants' failure to pay overtime as required by the Fair Labor Standards Act.

40. The above described actions of Defendants constitute a violation of the Fair Labor Standard Act, 29 U.S.C. § 215.

41. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

42. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

43. As a result of Defendants' unlawful retaliation, Plaintiff has and will continue to incur attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants, for:

    a. Awarding back wages and benefits;

    b. Awarding liquidated damages;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Determining that the FLSA was violated and an adjudication on the merits of the case;

    f. Ordering any other further relief the Court deems just and proper.

## COUNT III
## WORKERS' COMPENSATION RETALIATION/COERCION

44. Plaintiff, IVELISSE RIVERA, realleges and incorporates paragraphs one (1) through twenty-eight (28) as though set forth fully herein.

45. Plaintiff was an employee within the meaning of Florida Statute § 440.02 (1993).

46. Defendants unlawfully coerced Plaintiff by reason of Plaintiff's valid claims for Workers' Compensation benefits and/or Plaintiff's attempts to claim compensation under

Florida's Workers' Compensation law.

47. Plaintiff' suffered adverse employment actions due to and by reason of Plaintiff's valid claims for Workers' Compensation benefits and/or Plaintiff's attempts to exercise her rights under Florida's Workers' Compensation law. Specifically, Plaintiff's employment was terminated by Defendants.

48. Defendants have taken unlawful actions against Plaintiff by reason of Plaintiff's valid claim and/or attempts to exercise her rights for Workers' Compensation benefits, in violation of Florida Statute § 440.205.

49. As a direct, natural, foreseeable and proximate result of the Defendants' retaliatory conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants and prays for the following relief:

    a.    Back pay;

    b.    Future lost wages;

    c.    Compensatory damages for emotional distress;

    d.    Punitive damages; and

    e.    Such other relief to which the Plaintiff may be justly entitled.

### COUNT IV
### FLORIDA'S PRIVATE WHISTLEBLOWER'S ACT

50. Plaintiff, IVELISSE RIVERA, realleges and incorporates paragraphs one (1) through twenty-eight (28) as though set forth fully herein.

51. This is an action for damages pursuant to Florida's Private Whistleblower's Act ("FWA"), §§ 448.101-105, *Florida Statutes*.

52. Plaintiff was an employee of Defendants under the FWA because Plaintiff performed services for and under the control and direction of Defendants for wages or other remuneration.

53. Defendants were Plaintiff's employer under the FWA because Defendants are a private individual, firm, partnership, institution, corporation, or association that employs ten (10) or more persons.

54. Defendants took a prohibited retaliatory personnel action against Plaintiff, in violation of §448.102(3), *Florida Statutes*, because Plaintiff objected to, or refused to participate in, an activity, policy, or practice of Defendants which is in violation of a law, rule, or regulation or that Plaintiff had an honest, good-faith belief was in violation of a law, rule, or regulation. Specifically, Plaintiff objected to and/or refused to participate in violations of federal and Florida law, including, but not limited to: 29 U.S.C. § 654 (Occupational Safety and Health Administration regulations) and Section 64B5-25.003, *Florida Administrative Code* and, as a result, was terminated from her employment.

55. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including, but not limited to: lost wages, benefits, and other remuneration, emotional pain and suffering and other compensatory damages and is requesting all available relief to which Plaintiff is entitled as set forth in the WHEREFORE clause below.

56. As a result of Defendants 'unlawful acts, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

WHEREFORE, Plaintiff demands judgment against Defendants and prays for the following relief:

    a.    Injunction to restrain continued violations of the Act;

    b.    Reinstatement to the same or an equivalent position;

    c.    Reinstatement of fringe benefits and seniority rights;

    d.    Lost wages;

    e.    Lost benefits;

    f.    Other remuneration;

    g.    Attorneys' fees and costs; and

    h.    Any other compensatory damages allowable at law.

### **DEMAND FOR JURY TRIAL**

57. Plaintiff, IVELISSE RIVERA, demands a trial by jury.

Dated this 21st day of August, 2019.

    **FLORIN GRAY BOUZAS OWENS, LLC**

    */s/ Gregory A. Owens*_____
    **GREGORY A. OWENS, ESQUIRE**
    Florida Bar No.: 51366
    greg@fgbolaw.com
    **WOLFGANG M. FLORIN, ESQUIRE**
    Florida Bar No.: 907804
    wolfgang@fgbolaw.com
    16524 Pointe Village Drive
    Suite 100
    Lutz, Florida 33558

(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*